### R. B. HOSKINS, ET AL. *v.* A. J. MURPHY.

**Claimants' Bond—Sufficiency—Judgment On.**

A claimant's bond, providing that the parties will perform the judgment of the court, or have the property bonded, forthcoming to satisfy same, does not authorize the assessment against same of the 10 per centum damages in case the claim be unfounded.

**Courts—Rule Against Sureties in Bond—Appeal.**

A rule to show cause why sureties should not return property bonded by them, was responded to by sureties that a supersedeas had been executed: the rule was made absolute. Held, that as no judgment had been rendered against the sureties, the order making the rule absolute is not subject to adjudication on appeal.

**Evidence—Abatement—Another Suit Pending.**

Evidence, in the form of a record of another suit pending in a different

State, between the litigants, cannot be offered, where no allegations of same are set out in the pleadings.

APPEAL FROM JEFFERSON CIRCUIT.   CHANCERY DIVISION.

January 27, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellees attached 21 bales of cotton at Louisville, Kentucky, as the property of Lemoin, claiming that Lemoin and Ashley were their debtors, on the ground of non-residence, the debtors being residents of Mississippi. Hoskins the brother-in-law of Lemoin, presented his petition as claimant of the property, to which appellees replied denying his title and alleging that his purchase was fraudulent.

Lemoin and Ashley were only constructively before the court, having made no personal appearance. Hoskins gave bond and got possession of the cotton.

The court on final hearing adjudged against his claim and subjected the property to appellees' claim and ordered a rule against Hoskins' securities to show cause why they should not return the cotton, to which they respond that Hoskins had executed a supersedeas bond preparatory to taking an appeal to this court. The court below made the rule absolute, and both adjudications are here for corrections of errors. The evidence fully justified the court in pronouncing Hoskins' pretended purchase of the cotton as colorable and fraudulent, to shield it from Lemoin's creditors, hence it must be affirmed.

The covenants of the claimant's bond, which seems to have been taken in open court, are to abide and perform the judgment or have the value of the cotton forthcoming to satisfy it. The bond is somewhat informal and does not provide for the payment of ten per cent. damages in case the claim is unfounded, as is provided by the Civil Code, when a sale at law is suspended by the claimant. The evidence in the main case was agreed to be the evidence in this case, and it shows there were over ten thousand pounds of the cotton, worth at least 24½ cents per pound, which would make it worth $2,450, or more, at least a sufficiency to pay this debt with all its costs.

But as no judgment has been rendered against Hall and

Long on the claimant's bond for any given number of dollars, and as the court must yet ascertain the exact amount of their liability by future proceedings, we cannot adjudicate upon the mere order making the rule absolute.

If in the future order of the court, Hall and Long should be adjudged liable for a greater amount than their covenant justifies, they can then have it corrected by appeal, but in its present situation we cannot adjudicate upon this matter.

Hoskins offered in evidence a record of a suit and attachment in the state of Mississippi, by appellee against Lemoin and Ashley, wherein they insist that this same cotton was attached and bonded. As no such suit was set up in any pleadings and could not have abated the suit if it had been, we see no legitimate purpose for which the record of a mere pending and undetermined suit in another state could be used, and its rejection was proper.

Wherefore the judgment on Hoskins' appeal is affirmed, but Hall and Long's appeal is dismissed without any prejudice to future proceedings, either in the court below or in this court.

*Russell,* for appellants.

*Barr & Goodloe,* for appellees.